Craig A. Crispin, OSB No. 824852
crispin@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAW PC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770
Fax:  503-293-5766
     Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
(Portland Division)

| | |
|---|---|
| **JESSICA DRESE,**<br><br>    Plaintiff,<br><br>v.<br><br>**SEPHORA USA, INC.,** a foreign business corporation,<br><br>    Defendant. | Case No.   3:18-cv-2131<br><br>**COMPLAINT**<br>(Disability Discrimination; Failure to Accommodate/Engage in Interactive Process; Workers' Compensation Discrimination; Failure to Reinstate/Reemploy)<br><br>**JURY TRIAL REQUESTED** |

### NATURE OF THE ACTION

1.    Plaintiff brings claims for violation of the Oregon Equality Act for disability discrimination and failure to accommodate under ORS 659A.112, failure to engage in a good faith interactive process under ORS 659A.118 and OAR 839-006-0206(2)-(4), workers' compensation discrimination under ORS 659A.040, and failure to reemploy/reinstate under ORS

659A.043 and/or ORS 659A.046.

## JURISDICTION AND VENUE

2.   This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332 in that all parties are citizens of different states and the amount in controversy exceeds $75,000.

3.   Venue is proper in this District because a substantial part of the events and omissions giving rise to this action occurred in this district and because defendant has offices that can be found in and in which defendant conducts business in this district.

## PARTIES

4.   Plaintiff **JESSICA DRESE** ("Drese") is an individual who at all material times was employed by defendant **SEPHORA USA, INC.** based in its Clackamas, Oregon location.

5.   Defendant **SEPHORA USA, INC.** ("Sephora") is a Delaware corporation with its headquarters in San Francisco, California and corporate offices in New York, New York. Sephora owns and operates approximately 1,900 stores in 29 countries worldwide, with approximately 360 stores across North America, including stores in Multnomah, Washington, and Clackamas Counties, Oregon.

## PROCEDURAL REQUIREMENTS

6.   Plaintiff timely filed an administrative complaint with the Oregon Bureau of Labor and Industries, Civil Rights Division.

7.   Plaintiff has timely exhausted all administrative prerequisites, if any, to the filing of the statutory claims set forth in this complaint.

**GENERAL ALLEGATIONS**

8. Drese worked for Sephora out of its Clackamas, Oregon location for four years from April 2012 until Sephora terminated her employment on November 21, 2016. At the time of her termination, Drese had been on extended medical leave due to a worker's compensation injury.

9. Drese worked in a corporate field position, called Traveling Store Captain. Her position consisted of traveling around the United States and Canada preparing new locations for opening, stocking products on shelves, setting up the stores, and training new employees.

10. While setting up a new store in Virginia in July 2015, Drese injured her back lifting boxes. Due to the nature and pressures of the work, Drese was unable to seek treatment of her injuries for several weeks.

11. Drese filed a workers' compensation claim once she was able to seek treatment. Her injuries required three surgical interventions.

12. Drese went off work for surgeries beginning in September 2015, taking medical leave, then short and long term disability leave during her recovery.

13. Drese's last surgery occurred in March 2016 and she remained on medical leave for several months following her last surgery while recovering.

14. In August 2016, Drese received a release to return to work with light duty restrictions from her medical provider, who anticipated the restrictions lasting for about six months.

15. On October 1, 2016, Drese's medical provider released her to return to work on

**CRISPIN EMPLOYMENT LAW** PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

with light restrictions and an anticipated full release within a few weeks thereafter. Sephora unilaterally extended Drese's leave status without addressing whether it had a suitable and available position to which Drese could return.

16. Drese requested that Sephora return her to work under the October 1, 2016 light duty release. Sephora refused to return Drese to work.

17. On about November 17, 2016, Drese spoke with Respondent's HR Manager Christina Manisco about returning to work. Drese requested reasonable accommodations and sought to engage with Sephora in a good faith interactive process to determine what accommodations might be appropriate to permit her to return to work, including additional leave.

18. Sephora failed and refused to participate in the requested interactive process. Instead, Manisco advised Drese that Sephora had no light duty work for her and refused to discuss any accommodations.

19. Sephora is a large, international corporate employer with thousands of jobs, yet Sephora made no effort to determine if any positions were available for which plaintiff was qualified. Drese made clear to Manisco that she was willing to relocate for a suitable and available position. In response, Manisco abruptly terminated the conversation, stating that she needed to "check with legal."

20. The next day, on about November 18, 2016, Manisco called Drese to advise that Sephora would be terminating her employment. Sephora issued a letter dated November 21, 2016 terminating Drese's employment on the purported ground that her medical leave of absence exceeded Sephora's 12-month time medical leave allowance.

21. Drese received a full-duty release to return to work on or about December 1, 2016.

## Damages

22. As a result of Sephora's actions as alleged herein, Drese has suffered lost wages and benefits of employment, and should recover for such damages, in an amount to be decided by a jury based on the evidence presented at trial.

23. Reinstatement is not feasible, and plaintiff is entitled to recover from Sephora future lost wages and benefits of employment in an amount to be determined at trial.

24. Plaintiff is entitled to an order declaring Sephora in violation of Drese's statutory rights as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause Sephora to stop its violations of law and disregard of the rights of persons protected by state law.

25. As a further result of Sephora's intentional acts alleged herein, Drese has suffered severe emotional distress and other noneconomic losses and loss of enjoyment of life for which she should recover $200 or such greater amount as may be awarded by a jury.

26. Sephora's acts were done intentionally with a discriminatory motive and with malice or ill will or with knowledge that its actions violated federal or state law or with reckless disregard or callous indifference to the risk that its actions violated federal or state law. Sephora should be assessed punitive damages in an amount found sufficient by a jury to punish Sephora and to deter Sephora and others from similar conduct in the future.

27. Plaintiff is entitled to an award of attorney fees, expert witness fees and costs

incurred herein, pursuant to ORS 659A.885.

## FIRST CLAIM FOR RELIEF
### (Disability Discrimination – ORS 659A.112)

28.    Plaintiff incorporates paragraphs 1 through 27 as though fully set forth herein.

29.    It is the public policy of the State of Oregon to guarantee individuals the fullest possible participation in the social and economic life of the state, to engage in remunerative employment, without discrimination on the basis of disability.

30.    It is an unlawful employment practice for any employer to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment on the basis of disability.

31.    At material times, plaintiff was a person with a disability for purposes of ORS 659A.104. She was substantially limited in one or more physical major life activities, including but not limited to standing, walking, and working, in that her impairments restricted one or more major life activities as compared to most people in the general population. She is also substantially limited in the operation of major bodily functions relating to her musculo-skeletal system.

32.    Drese at material times was a person with a disability due to a record of having a physical or mental impairment that substantially limits one or more major life activities.

33.    Sephora regarded Drese as a person with a disability in that they acted against her based on her impairment or on an impairment Sephora believed plaintiff possessed.

34.    Drese was qualified for her position of employment with Sephora and was able to perform the essential functions of her position or an alternative position with reasonable

accommodation.

35. Sephora and its agents and employees discriminated against plaintiff in the terms and conditions of her employment and in terminating her employment as alleged herein in substantial motivating part due to plaintiff's actual disability, her record of a disability, or because it regarded her as a disabled person.

36. Sephora's conduct as described herein is in violation of ORS 659A.112.

## SECOND CLAIM FOR RELIEF
## COUNT ONE
### (Failure to Accommodate – ORS 659A.112, .118)

37. Plaintiff incorporates paragraphs 1 through 27, 29, 31, and 34 as though fully set forth herein.

38. It is an unlawful employment practice for an employer to not make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability.

39. Plaintiff requested reasonable accommodation to permit her to return to work, but Sephora failed and refused such requested accommodation.

40. Reasonable accommodations were available that would have permitted plaintiff to perform the essential functions of her position with such accommodations or with such accommodations.

41. Sephora's failure and refusal to provide reasonable accommodations as required by plaintiff were in violation of ORS 659A.112, .118.

## COUNT TWO
### (Failure Engage in Interactive Process – ORS 659A.112, .118, OAR 839-006-0206(2)-(4))

42.     Plaintiff incorporates paragraphs 1 through 27, 29, 31, 34, and 38 through 40 as though fully set forth herein.

43.     Sephora's failure and refusal to enter into an interactive process in response to Drese's requests for accommodation were in violation of ORS 659A.112, ORS 659A.118, and OAR 839-006-0206(2)-(4).

## THIRD CLAIM FOR RELIEF
### (Workers' compensation discrimination – ORS 659A.040)

44.     Drese incorporates paragraphs 1 through 27 as though fully set forth herein.

45.     Drese made use of the Oregon Workers' Compensation system as set forth in ORS chapter 656 by commencing a claim due to an on-the-job injury.

46.     Sephora's refusal to permit Drese to return to work and its decision to terminate Drese's employment were substantially motivated by Drese's use of the Oregon Workers' Compensation system in violation of ORS 659A.040.

## FOURTH CLAIM FOR RELIEF
### (Injured Worker Return to Work Violations – ORS 659A.043, .046)

47.     Plaintiff incorporates paragraphs 1 through 27 as though fully set forth herein.

48.     It is an unlawful employment practice for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS chapter 656 or has given testimony under the provisions of those laws.

49.  Drese made demand for return to work in her former position and for reemployment in an available and suitable position within Sephora.

50.  Sephora failed and refused to return plaintiff to work pursuant to her medical releases in violation of ORS 659A.043 and/or ORS 659A.046.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the Court to:

1.  Declare Sephora in violation of the statutes set forth in plaintiff's claims for relief;

2.  Order Sephora to make plaintiff whole by providing compensation for Drese's past and future economic losses.

3.  Order Sephora to make plaintiff whole by providing compensation for Drese's past and future noneconomic losses in such amounts as are awarded by the court or a jury;

4.  Assess punitive damages against Sephora in such amounts as are found appropriate by a jury to punish such Sephora and deter it and others from similar conduct in the future;

5.  Award plaintiff her costs of suit and reasonable attorney fees, costs, and expert witness fees;

6.  Order Sephora to pay prejudgment interest and post-judgment interest on all amounts due to plaintiff as a result of this action, with interest at the prevailing rate; and

7.  Order such further or alternative relief in favor of plaintiff Drese as the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact

raised by this complaint.

Dated December 12, 2018.

**CRISPIN EMPLOYMENT LAW PC**

By:    s/Craig A. Crispin
                          Craig A. Crispin OSB No. 824852
                          Ashley A. Marton, OSB No. 171584
                          Of Attorneys for Plaintiff Jessica Drese